Filed 4/8/21  P. v. Gonzalez CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B308285 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA388074) |
| v. | |
| LOUIE GONZALEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Dismissed.

Louie Gonzalez, in pro. per.; and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

Louie Gonzalez appeals from a postjudgment order denying his petition for resentencing under Penal Code section 1170, subdivision (d).[1]  His appellate counsel has filed a brief asking this court to proceed under *People v. Serrano* (2012) 211 Cal.App.4th 496.  We dismiss the appeal because the trial court lacked jurisdiction to grant the requested relief.

## BACKGROUND

On February 21, 2014, Gonzalez pleaded no contest to a charge of attempted murder (§§ 664, 187), and admitted the enhancement allegations that he personally used a firearm (§ 12022.53, subd. (b)) and inflicted great bodily injury in the commission of the offense (§ 12022.7, subd. (a)).  Gonzalez was sentenced to state prison for a term of 22 years, consisting of nine years on the attempted murder count, 10 years on the firearm enhancement, and three years on the great-bodily-injury enhancement.

Six years later, on July 16, 2020, Gonzalez filed a "Verified Petition for Resentencing."[2]  In his petition, Gonzalez contended he was eligible for resentencing under section 1170, subdivision (d)(1) and California Code of Regulations, title 15, section 3076.1, subdivision (a)(3) because there had been intervening changes in the law since his original sentence was imposed.  Gonzalez specifically cited Senate Bill No. 620, which granted the trial

---

[1] All further statutory references are to the Penal Code.

[2] Although the record on appeal does not include the July 16, 2020 petition for resentencing, Gonzalez attached a copy of the petition to the supplemental brief he filed in this appeal.

court discretion to strike firearm enhancements under section 12022.53. He also cited Assembly Bill No. 1618, which added section 1016.8, prohibiting plea agreements that require a defendant to waive future benefits of changes in the law. In addition, Gonzalez asked the court to reconsider his sentence under section 3051, which governs youth offender parole hearings, and California Code of Regulations, title 15, section 3076.1, subdivision (a)(1), which authorizes the secretary of the California Department of Corrections and Rehabilitation (CDCR) to recommend inmates for resentencing based on good behavior.

On July 20, 2020, the trial court summarily denied Gonzalez's petition. In a written order, the court concluded Gonzalez was not eligible for resentencing under any of the provisions cited in his petition.

On September 9, 2020, Gonzalez filed a notice of appeal from the order denying his petition for resentencing. We appointed counsel to represent Gonzalez. After examining the record, appellate counsel filed an opening brief raising no issues and asking this court to follow the procedures set forth in *People v. Serrano, supra,* 211 Cal.App.4th 496. Counsel also notified Gonzalez that he had filed a *Serrano* brief, and that Gonzalez could file a supplemental brief. On February 17, 2021, Gonzalez filed a supplemental brief. We consider his contentions below. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, review granted Oct. 14, 2020, S264278; *People v. Kelly* (2006) 40 Cal.4th 106, 120, 124.)

## DISCUSSION

In his supplemental brief, Gonzalez argues that he received ineffective assistance of counsel from the attorney he retained in

3

connection with his petition for resentencing, and his appointed counsel on appeal.[3]  In addition to his ineffective assistance claim, Gonzalez asserts the trial court erred in denying his petition because he was entitled to resentencing under Senate Bill No. 620 and Assembly Bill No. 1618.

In his petition, Gonzalez asserted he was eligible for resentencing under section 1170, subdivision (d) and California Code of Regulations, title 15, section 3076.1.  Section 1170, subdivision (d) allows the court to recall a sentence and resentence a defendant on the court's own motion, or at the recommendation of the CDCR secretary, the Board of Parole Hearings, or the district attorney of the county in which the defendant was sentenced.  California Code of Regulations, title 15, section 3076.1 sets forth the specific circumstances under which the secretary of the CDCR may recommend an inmate for resentencing pursuant to section 1170, subdivision (d).

Neither provision authorizes a defendant to initiate a sentence recall proceeding by filing a motion or petition for resentencing.  (*People v. Loper* (2015) 60 Cal.4th 1155, 1165; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1204–1205.) Additionally, section 1170, subdivision (d)(1) expressly limits the trial court's authority to recall a sentence on its own motion to the first 120 days after the defendant's commitment.  (*Loper*, at

---

[3] As we understand his arguments, Gonzalez alleges that his attorney in the lower court fraudulently induced Gonzalez and his wife to retain him by misrepresenting that he "would file an 1170(d) motion and have [Gonzalez's] sentence recalled," and that the attorney then filed a defective and inadequate motion. Gonzalez further alleges his appellate counsel falsely represented that he never received a copy of the petition for resentencing.

p. 1165; *Dix v. Superior Court* (1991) 53 Cal.3d 442, 464.) Once that 120-day period has expired, the trial court lacks jurisdiction to recall a sentence or resentence a defendant on its own motion, and may only act on the recommendation of the relevant state or county agencies. (*Loper*, at p. 1165; *Dix*, at p. 464.) Because Gonzalez was committed to state prison when he was sentenced in 2014, the trial court did not have jurisdiction to grant his petition for resentencing under section 1170, subdivision (d) or California Code of Regulations, title 15, section 3076.1.

In his petition, Gonzalez also argued he was entitled to resentencing based on recent changes in the law provided by Senate Bill No. 620 and Assembly Bill No. 1618. Senate Bill No. 620 amended section 12022.53 to permit a trial court, "in the interest of justice pursuant to Section 1385 and at the time of sentencing, [to] strike or dismiss an enhancement otherwise required to be imposed by this section." (§ 12022.53, subd. (h); Stats. 2017, ch. 682, § 2.) However, Senate Bill No. 620's amendment to section 12022.53, which took effect on January 1, 2018, applies only to nonfinal judgments. (*People v. Baltazar* (2020) 57 Cal.App.5th 334, 341–342; *People v. Johnson* (2019) 32 Cal.App.5th 938, 941–942; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.) Because Gonzalez's judgment became final well before the effective date of the amendment, the trial court lacked jurisdiction to resentence him pursuant to Senate Bill No. 620. (*Baltazar*, at p. 342; *Johnson*, at p. 941; *Fuimaono*, at p. 135.)

Assembly Bill No. 1618 added section 1016.8 to the Penal Code effective January 1, 2020. (Stats. 2019, ch. 586, § 1; *People v. Stamps* (2020) 9 Cal.5th 685, 704–705.) Section 1016.8, subdivision (b) provides, in relevant part, that a "provision of a

5

plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy." However, like Senate Bill No. 620, Assembly Bill No. 1618 only applies retroactively to cases that are not yet final on appeal. (*People v. Barton* (2020) 52 Cal.App.5th 1145, 1153.) It does not authorize a collateral attack on a final judgment. The trial court accordingly lacked jurisdiction to grant Gonzalez relief pursuant to Assembly Bill No. 1618.

Gonzalez further sought resentencing under section 3051. As relevant here, section 3051, subdivision (b)(1) provides that inmates sentenced to a determinate term who were 25 years or younger at the time of their commitment offense are entitled to a youth offender parole hearing in their 15th year of incarceration to determine their suitability for parole. Section 3051 does not, however, permit such inmates to petition the trial court for recall of their sentence or resentencing. Gonzalez was not entitled to seek resentencing based on his eligibility, if any, for a future youth offender parole hearing, and the trial court had no jurisdiction to grant such relief under section 3051.[4]

Gonzalez's petition did not provide a basis for the recall of his sentence or resentencing. As a result, any claim for ineffective assistance of counsel likewise fails. To establish a

---

[4] The record reflects that after the trial court denied his petition for resentencing, Gonzalez filed a motion for an evidence preservation hearing under section 1203.01. That motion is not the subject of this appeal. We express no opinion whether Gonzalez is entitled to an evidence preservation proceeding pursuant to section 1203.01.

claim for ineffective assistance of counsel, "a defendant must show that his or her counsel's performance was deficient and that the defendant suffered prejudice as a result of such deficient performance. [Citation.] . . . [Citation.] To demonstrate prejudice, defendant bears the burden of showing a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mickel* (2016) 2 Cal.5th 181, 198.)

Even assuming without deciding that Gonzalez could meet his burden of demonstrating deficient performance by either retained counsel or appellate counsel, he cannot demonstrate prejudice. The trial court properly denied the petition because Gonzalez was not entitled to resentencing under applicable law. Gonzalez accordingly cannot show that, but for the allegedly deficient performance of counsel, the outcome of these postjudgment proceedings would have been any different.

" ' "It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." ' " (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) A postjudgment order affecting a defendant's substantial rights is appealable. (§ 1237, subd. (b).) However, subject to limited statutory exceptions not applicable here, once a judgment has been rendered, a trial court is without jurisdiction to vacate or modify a sentence. (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326; *People v. Fuimaono, supra,* 32 Cal.App.5th at p. 135.) Because the trial court lacked jurisdiction to modify Gonzalez's sentence, its order denying his petition for resentencing could not have affected Gonzalez's substantial rights, and the appeal from that order must be dismissed. (*People v. Loper, supra,* 60 Cal.4th at pp. 1165–1166; *People v. Turrin, supra,* 176 Cal.App.4th at

p. 1208; *Hernandez*, at p. 327; *Fuimaono*, at p. 135.)  Further, we are satisfied appellate counsel has fulfilled his responsibilities and conclude the appeal raises no arguable issues.

## DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED.


ADAMS, J.*


We concur:



LAVIN, Acting P. J.



EGERTON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.